# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALFORD BUNTING

### DEFENDANTS
CHELTEN MARKET, INC.

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS – PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS – PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, PHRA, 1981, FLSA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 09/10/2021

SIGNATURE OF ATTORNEY OF RECORD: Sidney L. Gold, Esquire
Digitally signed by Sidney L. Gold, Esquire
Date: 2021.09.10 10:46:44 -04'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __5722 Greene Street, Philadelphia, PA 19144__

Address of Defendant: __176 West Chelten Avenue, Philadelphia, PA 19144__

Place of Accident, Incident or Transaction: __176 West Chelten Avenue, Philadelphia, PA 19144__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/10/2021__    __/s/ Sidney L. Gold, Esq.__    __21374__
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __09/10/2021__    __/s/ Sidney L. Gold, Esq.__    __21374__
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ALFORD BUNTING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| CHELTEN MARKET, INC. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (☑)


| 09/10/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFORD BUNTING | : | |
| *Plaintiff,* | : | CIVIL ACTION NO._____ |
| | : | |
| v. | : | |
| | : | |
| CHELTEN MARKET, INC. | : | |
| *Defendant.* | : | |
| | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

**I.  PRELIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees and other relief granted on behalf of Plaintiff Alford Bunting ("Plaintiff Bunting"), a former employee of Defendant, Chelten Market, Inc ("Defendant"), who has been harmed by the Defendant's unlawful, discriminatory, and retaliatory employment practices.

2. This action arises under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), 42 U.S.C. §1981 ("§1981"), and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA").

**II.  JURISDICTION AND VENUE**

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and the claims are substantively based on Title VII, §1981, and the FLSA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider Plaintiff Bunting's claims arising under the PHRA.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5. All conditions precedent to the institution of this suit have been fulfilled. On June 23, 2021, a Notice of Right to Sue was issued by the United States Equal Employment Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Bunting has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff Alford Bunting is a forty-one (41) year old Caucasian male citizen of the Commonwealth of Pennsylvania, residing therein at 5722 Greene Street, Philadelphia, PA 19144.

8. Defendant Chelten Market, Inc. ("Defendant") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 176 West Chelten Avenue, Philadelphia, PA 19144.

9. At all times relevant hereto, Defendant acted through its agents, servants, and employees who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10.     At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, the PHRA, and FLSA and has been, and is, subject to the provisions of each said Act.

## IV.   STATEMENT OF FACTS

11.     Plaintiff Bunting, a forty-one (41) old Caucasian individual, was employed by the Defendant from on or about November 2016 until on or about February 6, 2019, the date of his unlawful termination.

12.     During the course of his employment with the Defendant, Plaintiff Bunting held the following positions due to operational needs: Deli Clerk, Meat Wrapper, Dairy Department Clerk and Grocery Department Clerk. At all times relevant hereto, Plaintiff Bunting maintained an excellent job performance rating in said capacities.

13.     By way of background, shortly after the start of Plaintiff Bunting's employment with the Defendant, Plaintiff Bunting received an increase in his hourly rate to from $8.50 to $9.00 as a result of his stellar work performance.

14.     On or about May 2017, the Defendant changed Plaintiff Bunting's compensation structure from hourly to salaried, totaling $500 per week.

15.     On or about October 2017, the Defendant started to cut Plaintiff Bunting's hours down from fifty (50) hours per week to between forty-two (42) and forty-eight (48). Notably, despite being salaried, Plaintiff Bunting was only paid $10.00 per hour for hours worked without possibility of overtime pay, amounting to less compensation had Plaintiff Bunting been paid the intended salaried amount or allowed overtime pay.

16. Upon information and belief, the Defendant did not alter the compensation structure or hours of a similarly-situated African American employee, Gregory Travis, ("Travis"), Meat Cutter.

17. On or about January 17, 2019, Joe Durkin, ("Durkin"), Meat Room Manager, alerted Plaintiff Bunting that he did not properly put away certain products the previous day. Durkin stated that he received this information from Travis, who also worked the previous day's shift in the meat room.

18. Plaintiff Bunting believes and avers that this was a false accusation by Travis. After speaking to Durkin, Plaintiff Bunting approached Travis to ask why he made the false accusation to Durkin. This led to Travis immediately getting angry, yelling at Plaintiff Bunting and proceeding to assault Plaintiff Bunting by head butting him in the forehead. Plaintiff Bunting immediately left the premises to avoid further physical and verbal violence and went to the hospital, where he received three stitches as a result of Travis's assault.

19. Notably, while Plaintiff Bunting was in the hospital, Jay Kim, ("Jay Kim"), Store Manager, called to inquire about Plaintiff Bunting's health as a result of Travis's assault and to let Plaintiff Bunting know that Travis was fired. Jay Kim ended the conversation by stating that he will see Plaintiff Bunting at work the next day.

20. The very next day, on or about January 18, 2019, upon arrival to work, Plaintiff Bunting was told by a manager present that he cannot return to work until he spoke to Young Kim, ("Mr. Kim"), Owner, regarding the altercation with Travis. Accordingly, Plaintiff Bunting went to Mr. Kim, who only discussed the events of the

day prior to the altercation, and told Plaintiff Bunting that although he is not suspended, that Plaintiff Bunting cannot return to work until he and the managers make a decision regarding the status of his employment.

21.     Notably, while Plaintiff Bunting was barred from returning to work after being assaulted in the workplace, the assaulting party, Travis, an African American male, was reinstated to employment by the Defendant.

22.     For the next twenty (20) days, Plaintiff Bunting attempted to contact Jay Kim, Mr. Kim and Kinslow as to the status of his employment. On each such attempt, the Plaintiff was told by Jay Kim and Kinslow that Mr. Kim has not yet made the decision. Following multiple attempts, Plaintiff Bunting was not able to reach or hear back from Mr. Kim.

23.     On or about January 30, 2019, Plaintiff Bunting lodged a complaint of racial discrimination and unlawful overtime practices with Jay Kim via a text message. On or about January 31, 2019, Plaintiff Bunting lodged the same complaint with Kinslow. In both instances, he did not receive a response from either party.

24.     On or about February 6, 2019, twenty (20) days after the Defendant barred Plaintiff Bunting from working and receiving his salary despite his status as a salaried employee, Plaintiff Bunting visited the Defendant's place of business while running errands. Upon seeing Mr. Kim at the front of the store, Plaintiff Bunting approached him to ask about his employment status. In response, Mr. Kim told Plaintiff Bunting that he is no longer allowed in the Defendant's place of business and that he is terminated. Mr. Kim did not provide a reason as to Plaintiff Bunting's termination and when asked about

Plaintiff Bunting's injury that he received as a result of Travis's assault in the workplace, Mr. Kim replied that "it is not [his] concern."

25. Upon information and belief, at the time of Plaintiff Bunting's termination, the Defendant still employed Travis, African American, despite his participation and initiation of the incident that led to Plaintiff Bunting's injury and unlawful termination.

26. Upon information and belief, following Plaintiff Bunting's unlawful termination, the Defendant hired African American individuals to replace the Plaintiff Bunting and to fill other open positions.

27. By way of further discrimination, throughout Plaintiff Bunting's employment with the Defendant, the Defendant treated Asian-American employees differently than their similarly-situated Caucasian counterparts.

28. By way of example, the Defendant repeatedly reprimanded Caucasian employees, including Plaintiff Bunting, for taking breaks at the same time, but did not reprimand similarly-situated Asian-American employees who frequently took their breaks at the same time to smoke outside.

29. Plaintiff Bunting believes and avers that the differing treatment was a result of Defendant's discrimination against the Plaintiff Bunting based on Plaintiff Bunting's race (Caucasian).

30. Plaintiff Bunting further believes and avers that he was terminated based on his race (Caucasian) and in retaliation for opposing unlawful racial discrimination in the workplace.

## COUNT I
### (Title VII – Race Discrimination)
### Plaintiff Bunting v. the Defendant

31. Plaintiff Bunting incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Bunting to discrimination on the basis of his race, constitutes a violation of Title VII.

33. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff Bunting sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

34. As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Bunting suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA – Race Discrimination)
### Plaintiff Bunting v. the Defendant

35. Plaintiff Bunting incorporates by references paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Bunting to discrimination on the basis of his race, constituted a violation of the PHRA.

37. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff Bunting sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

38. As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Bunting suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (42 U.S.C. § 1981 – Race Discrimination)
### Plaintiff Bunting v. the Defendant

39. Plaintiff Bunting incorporates by references paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

40. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Bunting to discrimination on the basis of his race, constituted a violation of 42 U.S.C. § 1981.

41. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, as aforesaid, Plaintiff Bunting sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

42. As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, Plaintiff Bunting suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (Fair Labor Standards Act)
### Plaintiff Bunting v. the Defendant

43. Plaintiff Bunting hereby incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44. Despite Plaintiff Bunting's demand that the Defendant pay to Plaintiff Bunting the aforementioned wages due and owed to him, the Defendant has refused, and continues to refuse, to make said payments to Plaintiff Bunting.

45. The actions of the Defendant, in refusing to pay Plaintiff Bunting said agreed upon wages, were willful, malicious, wanton, and in bad faith and in reckless disregard of Plaintiff Bunting's rights and interests pursuant to the FLSA.

46. In accordance with the FLSA, in addition to overtime wages owed, Plaintiff Bunting is entitled to liquidated damages in an amount equal to the amount of said overtime wages owed, which he hereby claims of the Defendant.

47. In further accordance with the FLSA, Plaintiff Bunting is entitled to reasonable attorneys' fees in addition to costs associated with this action, which he hereby claims of the Defendant.

## COUNT V
### (Title VII – Retaliation)
### Plaintiff Bunting v. the Defendant

48. Plaintiff Bunting incorporates by references paragraphs 1 through 47 of this Complaint as though fully set forth at length herein.

49. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Bunting for opposing unlawful race discrimination in the workplace, constituted a violation of Title VII.

50. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff Bunting sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

51. As a further direct result of the aforesaid retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Bunting suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VI
### (PHRA – Retaliation)
### Plaintiff Bunting v. the Defendant

52. Plaintiff Bunting incorporates by references paragraphs 1 through 51 of this Complaint as though fully set forth at length herein.

53. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Bunting for opposing unlawful race discrimination in the workplace, constituted a violation of the PHRA.

54. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff Bunting sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

55. As a further direct result of the aforesaid retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Bunting suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VII
## (42 U.S.C. § 1981 – Retaliation)
## Plaintiff Bunting v. the Defendant

56. Plaintiff Bunting incorporates by references paragraphs 1 through 55 of this Complaint as though fully set forth at length herein.

57. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Bunting for opposing unlawful race discrimination in the workplace, constituted a violation of 42 U.S.C. § 1981.

58. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, as aforesaid, Plaintiff Bunting sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

59. As a further direct result of the aforesaid retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, Plaintiff Bunting suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE,** Plaintiff Bunting requests that this Court enter judgment in his favor against the Defendant and Order that:

    a.    Defendant compensate Plaintiff Bunting for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

    b.    Defendant compensate Plaintiff Bunting with an award of front pay, if appropriate;

    c.    Defendant pay to Plaintiff Bunting punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

    d.    Defendant pay to Plaintiff Bunting pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

    e.    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Bunting demands a trial by jury.

                                                    SIDNEY L. GOLD & ASSOC., P.C.
By:   /s/ Sidney L. Gold, Esquire
          SIDNEY L. GOLD, ESQUIRE
          I.D. NO.: 21374
          1835 Market Street, Ste. 515
          Philadelphia, PA 19103
          Attorney for Plaintiff

DATED: September 10, 2021

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 09-09-21

_____
ALFORD BUNTING, PLAINTIFF